# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| EARL JASON LARISCEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV618-016 |
| UNITED STATES ATTORNEY, | ) ) | |
| Defendant. | ) ) | |

*By jburrell at 11:56 am, Apr 23, 2018*

FILED
Scott L. Poff, Clerk
United States District Court

## **ORDER**

On March 29, 2018, the Court recommended that *pro se* prisoner Earl Jason Lariscey's complaint be dismissed for failure to comply with its order to supplement and clarify his filings. Doc. 4. Plaintiff has since returned the necessary filings. Docs. 7 ("motion in support of original petition") & 8 (motion for leave to proceed *in forma pauperis*). The Court therefore **VACATES** its Report and Recommendation to dismiss the complaint without prejudice.

Plaintiff seeks leave to pursue his claim (*see* docs. 1 & 7) *in forma pauperis* (IFP). Doc. 8. He states that he is unemployed but takes home approximately $1100 a month in Social Security and Veterans' Administration benefits. *Id*. at 1. He pays roughly $900 a month in

necessary expenses, and he has about $750 in revolving debt. *Id.* at 2.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Based on his monthly income and narrow expenses, it appears that plaintiff has sufficient resources to allow him to pay a reduced filing fee in this case without causing him to forgo the necessities of life.[1] The Court will

---

[1] Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a

therefore significantly reduce the filing fee to $75, an amount the Court believes Lariscey can afford based on his application. Requiring plaintiff to pay such a reduced fee is within the Court's discretion. 28 U.S.C. § 1915(a); *see, e.g., Johnson v. Next Day Blinds Corp.*, 2013 WL 656782 at *2 n. 1 (D. Md. Feb. 21, 2013); *Dukes-Smith v. Loyola Med. Ctr.*, 2012 U.S. Dist. LEXIS 98934 at *1 (N.D. Ill. July 9, 2012); *Poslof v. Walton*, 2012 WL 691767 at *3 (E.D. Cal. Mar. 2, 2012), *adopted*, 2012 WL 968028 (E.D. Cal. Mar. 21, 2102).

If he is unable to pay in one lump sum, plaintiff is further authorized to make his payment over the course of three monthly installments of $25 each. *See, e.g., Chapman v. Colvin*, No. CV416-252, doc. 10 (Jan. 18, 2017). As soon as he has paid his filing fee, the Court will screen his Complaint pursuant to 28 U.S.C. § 1915(e) in a separate order.[2]

---

suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (internal cites omitted).

[2] The Court cautions Lariscey that granting leave to proceed IFP in no way bears on the merits of his case. The right to proceed IFP in the federal district courts is governed by 28 U.S.C. § 1915, which authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

Lariscey's motion to proceed IFP is thus **GRANTED** in part. Plaintiff is **ORDERED** to pay $75 in filing fees or face a recommendation of dismissal.

**SO ORDERED,** this  23rd  day of April, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA